IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ANDREW BLASE TORRES,                     :
                                         :
            Petitioner,                  :
                                         :
v.                                       :      Case No. 3:25-cv-38-CDL-AGH
                                         :
TYRONE OLIVER,                           :
                                         :
            Respondent.                  :
_____           :

## REPORT AND RECOMMENDATION

Before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief (ECF Nos. 12, 1).   For the reasons described below, it is recommended that Respondent's motion be granted and Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 be dismissed.

## BACKGROUND

Following a jury trial in 2017, Petitioner was convicted in the Superior Court of Walton County, Georgia of one count of forcible rape, four counts of incest, two counts of aggravated child molestation, and one count of aggravated sexual battery.   *Torres v. State* ("*Torres I*"), 353 Ga. App. 470, 470 (2020); Pet. 1, ECF No. 1.   The trial court sentenced Petitioner to four consecutive life sentences on the rape, aggravated child molestation, and aggravated sexual battery counts and one hundred and sixty years of consecutive confinement on the four incest counts.   *Torres I*, 353 Ga. App at 475. Petitioner filed a motion for new trial, which was denied.   *Id.*   On January 23, 2020, the Georgia Court of Appeals affirmed Petitioner's conviction but vacated and remanded his sentences on the incest counts because the trial court failed to include a

split sentence of confinement and probation as required under Georgia law. *Id.* at 487; *see* O.C.G.A. § 17-10-6.2(a)(8), (b) (requiring that a person convicted of incest be sentenced to a split sentence, which shall include any mandatory term of imprisonment plus an additional probated sentence of at least one year). On resentencing, the trial court modified Petitioner's sentence to include one year of probation on each incest count. *Torres v. State* ("*Torres II*"), 358 Ga. App. 179, 179-80 (2021). On January 27, 2021, the Georgia Court of Appeals affirmed his sentence. *Id.* According to a search of the Georgia Court of Appeals and Georgia Supreme Court dockets, Petitioner neither filed a motion for reconsideration with the Georgia Court of Appeals nor a petition for a writ of certiorari to the Supreme Court of Georgia.[1]

On June 27, 2022, Petitioner filed an extraordinary motion for new trial in the Superior Court of Walton County, which dismissed the motion on July 18, 2022. Resp't's Ex. 3, at 1, ECF No. 13-3; Resp't's Ex. 4, ECF No. 13-4. Petitioner filed a state habeas petition in the Superior Court of Baldwin County, Georgia, on November 10, 2022. Resp't's Ex. 5, at 1, ECF No. 13-5. According to the parties, that action is still pending. Resp't's Br. in Supp. of Mot. to Dismiss 2, ECF No. 12-1; Pet'r's Mot. to Stay 1, ECF No. 16.

Petitioner filed his original federal habeas application on March 3, 2025.[2] Pet.

---

[1] The Georgia Court of Appeals docket shows that Petitioner filed a motion to set aside a void sentence in the trial court in 2024, which was denied. Order, *Torres v. State* ("*Torres III*"), A25A0015 (Ga. Ct. App. Aug. 29, 2024). Petitioner appealed the denial, and the Georgia Court of Appeals dismissed his appeal on August 29, 2024. *Id.* Petitioner filed a petition for certiorari with the Georgia Supreme Court, which denied the petition on January 14, 2025. Georgia Court of Appeals, Docket Search, Case No. A25A0015, https://www.gaappeals.gov/wp-content/themes/benjamin/docket/results _one_record.php?docr_case_num=A25A0015 (last visited Jan. 6, 2025). None of these filings affect the timeliness of Petitioner's federal habeas application.

[2] Although the Court received the habeas application on March 6, 2025, Petitioner signed it on March 3, 2025. Pet. 12. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the

2

12.   Respondent filed an answer (ECF No. 11) and motion to dismiss the petition (ECF No. 12) on July 14, 2025.   On July 15, 2025, the Court notified Petitioner of his right to respond to the motion to dismiss within thirty days and instructed him that his failure to rebut any arguments made by Respondent could result in those arguments "being accepted as uncontested and correct."   Order 1-2, ECF No. 15. Petitioner did not file a response to the motion to dismiss, but on July 28, 2025, he filed a motion to stay the case until he could complete his state habeas proceedings.   Pet'r's Mot. to Stay 1.   Respondent's motion to dismiss is ripe for review.

## DISCUSSION

Respondent moves to dismiss Petitioner's habeas petition on two grounds. First, he contends that Petitioner's petition is untimely.   Resp't's Br. In Supp. of Mot. to Dismiss 2-5.   Second, he contends that Petitioner has failed to exhaust his available state remedies.   *Id.* at 5-7.   Because the Court agrees that Petitioner's federal habeas application is untimely, it recommends dismissal on that ground and declines to address exhaustion.

## I.      The Applicable Limitations Period

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.   *See Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of the AEDPA is not obscure.   It was to eliminate the

---

date it is delivered to prison authorities for mailing."   *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).   "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."   *Id.*

interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence."). The AEDPA therefore instituted a one-year limitations period for the filing of a "writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Additionally, the limitations period is tolled while a petitioner's "properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

## II.    Petitioner's Habeas Application is Untimely

Petitioner's application for federal habeas relief is untimely. The Georgia Court of Appeals affirmed his modified sentence on January 27, 2021. *Torres II*, 358 Ga. App. At 179. Petitioner had ten days to file a motion for reconsideration with the Georgia Court of Appeals or twenty days—until February 16, 2021—to file a petition for a writ of certiorari in the Georgia Supreme Court. Ga. R. App. Ct. 37(b); Ga. Sup. Ct. R. 38(2). Petitioner did neither, and therefore, as of February 17, 2021, his conviction was final for AEDPA purposes. See *Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018) (explaining that the petitioner's conviction became final under the AEDPA when the time expired for him to file a petition for a writ of certiorari with the Georgia Supreme Court). Thus, the one-year AEDPA limitations period for filing a federal habeas petition began to run on February 17, 2021, and expired on February 17, 2022. Petitioner did not file his federal habeas petition until March 3, 2025, which

is over three years after expiration of the AEDPA limitations period.

Even assuming Petitioner's extraordinary motion for new trial would otherwise qualify for tolling under 28 U.S.C. § 2244(d)(2), it has no bearing on whether Petitioner's federal habeas application is timely because it was not filed until over four months after his AEDPA limitations period expired.  The same is true for his state habeas application which was not filed until just short of eight months after expiration of the filing deadline.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (explaining that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Accordingly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), and his petition is untimely.

## III.    Petitioner is Not Entitled to Equitable Tolling

Petitioner is also not entitled to equitable tolling.  The one-year AEDPA limitations period is subject to equitable tolling only in certain situations.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 649 (quotation marks omitted). Petitioner did not respond to Respondent's motion to dismiss to argue why he is entitled to equitable tolling.  Further, his petition does not present any grounds for equitable tolling. Therefore, he is not entitled to equitable tolling, and his petition should be dismissed.

## IV.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District

Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and a certificate of appealability in this case should be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and that Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as untimely. [3]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  See M.D. Ga. L.R. 7.4.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is

---

[3] Petitioner filed a motion to stay this case until the conclusion of his state habeas proceedings.  Pet'r's Mot. to Stay 1.  Because exhaustion of his state habeas remedies would not cure the untimeliness of his federal habeas petition, the Court recommends that this motion (ECF No. 16) be **DENIED**.

made.    All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.    In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of January, 2026.

  s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

7